﻿Citation Nr: AXXXXXXXX
Decision Date: 09/29/20 Archive Date: 09/29/20

DOCKET NO. 190909-29556
DATE: September 29, 2020

ORDER

Service connection for bilateral hearing loss is denied.

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. The weight of the evidence is against a finding that the Veteran’s bilateral hearing loss began during service, within one year of separation from service, or was otherwise caused by his active service.

2. Resolving all doubt in favor of the Veteran, his tinnitus is the result of his active service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral hearing loss have not been met. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309.

2. The criteria for service connection for tinnitus have been met. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from April 1966 to April 1969, to include service in the Republic of Vietnam.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. The Veteran selected the Supplemental Claim Lane when he submitted the RAMP election form in July 2018, which was completed by a January 2019 rating decision. The Veteran timely appealed this rating decision to the Board and requested Evidence Submission Reviewed by a Veterans Law Judge on September 9, 2019.

Therefore, the Board may only consider the evidence of record at the time of the RAMP supplemental claim decision on appeal, as well as any evidence submitted by the Veteran or his representative within 90 days from receipt of the VA Form 10182. 38 C.F.R. § 20.303.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303.

Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection may also be established under 38 C.F.R. § 3.303(b), where a condition in service is noted but is not, in fact, chronic, or where a diagnosis of chronicity may be legitimately questioned. The continuity of symptomatology provision of 38 C.F.R. § 3.303(b) has been interpreted as an alternative to service connection only for the specific chronic diseases listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 718 F.3d 1331 (Fed. Cir. 2013).

Service connection may also be established with certain chronic diseases based upon a legal presumption by showing that the disorder manifested itself to a degree of 10 percent disabling or more within one year from the date of separation from service. Such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309(a). While the disease need not be diagnosed within the presumption period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time.

Bilateral Hearing Loss

The Veteran filed a service connection claim for bilateral hearing loss, which was denied by February 2018 and January 2019 rating decisions. He asserts that he has bilateral hearing loss due to his active service. Specifically, he asserts that while he was in Vietnam, over a 40-day period his unit was hit with mortar fire and gunfire very often. In March 2018, he asserted that his hearing loss is a result of falling and striking his head in Vietnam. He reported that when he left military service, he had mild hearing loss which has since progressed. The Veteran’s DD-214 shows he had a military occupational specialty (MOS) of a communication center specialist and received a sharpshooter badge. 

The Veteran’s military noise exposure is not at issue, as noise exposure is consistent with his Army service and his service in the Republic of Vietnam. However, for service connection to be warranted it must be shown that such military noise exposure actually caused a hearing loss disability for VA purposes.

From 1967 to 1970, the Board uses those most favorable to a veteran if there is no indication whether American Standards Association (ASA) units (older) or International Standards Organization-American National Standards Institute (ISO-ANSI) units (newer) were used. The Veteran’s STRs do not specifically document which standard was used during his audiological tests.

The Veteran’s service treatment records (STRs) do not show any complaints or treatment for hearing loss. At his March 1966 entrance physical and March 1969 separation physical, audiological test results did not show hearing loss for VA purposes. His STRs do not show any complaints, treatment, or diagnosis for a head injury or concussion. At his March 1969 separation physical, he had a normal examination of his hears. Furthermore, he specifically denied having any ear trouble, hearing loss, or a history of a head injury. 

The Veteran’s VA treatment records show that the earliest treatment for bilateral hearing loss is dated September 2003, over three decades after his separation from active service. An October 2017 audiology consult show that the Veteran reported military noise exposure in the Army signal corps, but also that he experienced civilian noise with no ear protection during employment with Duke Power. 

In January 2018, the Veteran was afforded a VA examination. Audiological testing showed bilateral hearing loss. The VA examiner opined that the Veteran’s bilateral hearing loss was less likely than not due to the Veteran’s active service. The examiner stated that although the Veteran’s MOS and military awards were consistent with noise exposure, his hearing thresholds at entrance and separation were within normal limits. The examiner reported that according to the American College of Occupational Medicine Noise and Hearing Conversation Committee, “a noise induced hearing loss will not progress once it is stopped.”

It is not disputed that he now has hearing loss for VA purposes. It is also not disputed that the Veteran experienced military noise exposure during his active service. However, military noise exposure alone is not considered to be a disability, rather, when sensorineural hearing loss is first documented more than a year after service separation, it must be shown that the hearing loss was caused by the military noise exposure. The Veteran’s claims file shows that he had normal audiological examinations during his active service and the first objective evidence of hearing loss is not until a September 2003 medical record. While the Veteran has submitted a June 2019 private audiological test, his physician did not offer an opinion regarding the etiology of the Veteran’s bilateral hearing loss. The Veteran has not submitted any competent medical evidence supporting his assertion that his bilateral hearing loss is due to his active service. VA obtained a medical opinion in an effort to support the Veteran in establishing his claim. The Board finds the greatest probative value in the January 2018 VA examiner’s opinion.

Consideration has been given to the Veteran’s assertion that his bilateral hearing loss was due to his active service. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, the etiology of bilateral hearing loss, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Hearing loss is not the type of condition that is readily amenable to mere lay diagnosis or probative comment regarding its etiology, as the evidence shows that physical examinations that include objective audiometric testing are needed to properly assess and diagnose the disorder. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

That is, although the Board readily acknowledges that Veteran is competent to report difficulty hearing, he has not been shown to possess the requisite medical training, expertise, or credentials needed to render a diagnosis or a competent opinion as to medical causation. Nothing in the record demonstrates that he has received any special training or acquired any medical expertise in evaluating audiological disorders. See King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2012). Accordingly, this lay evidence does not constitute competent medical evidence and lacks probative value in the determination of the etiology of the Veteran’s bilateral hearing loss.

Accordingly, the criteria for service connection for bilateral hearing loss have not been met, and the claim is denied.

Tinnitus

The Veteran is seeking service connection for tinnitus, which he asserts is due to military noise exposure during his active service.

The Veteran experienced military noise exposure as he had service in the Republic of Vietnam.

The Court has specifically held that tinnitus is a type of disorder associated with symptoms capable of lay observation. See Charles v. Principi, 16 Vet. App. 370 (2002). As such, the primary role of the Board in adjudicating the tinnitus claim is to assess the credibility of the Veteran’s statements. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006).

In this case, the Board finds no reason to doubt the Veteran’s credibility. Given this conclusion, the Board will review his statements as to the etiology of his tinnitus. In September 2017, the Veteran reported to his treating provider that he had tinnitus since his active service. At the January 2018 VA examination, he reported that his tinnitus began during his active service.

When weighing the evidence of record, the Board finds that at most the evidence for and against the Veteran’s claim is in relative equipoise. In such circumstances, the regulations dictate that reasonable doubt is to be resolved in the Veteran’s favor. 

Accordingly, criteria for service connection for tinnitus have been met, and the claim is granted.

 

 

Timothy Berryman

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Mitchell, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.